15 F.3d 1087
 24 Envtl. L. Rep. 20,501
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
MONTANA ECOSYSTEMS DEFENSE COUNCIL; Cabinet Resource Group;
Montana Wilderness Association; Save The Yaak
Committee, et al., Plaintiffs-Appellants,
v.
Michael ESPY,* Secretary of Agriculture; F.
Dale Robertson, Chief, Forest Service; Robert Schrenk,
Supervisor, Kootenai National Forest; Manuel Lujan, Jr.,
Secretary of Interior; Galen Buterbaugh, Regional Director,
United States Fish and Wildlife Service, Defendants-Appellees.
 No. 93-35676.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 4, 1994.
Decided Jan. 24, 1994.
 
 Before: WRIGHT, CANBY and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Stands of lodgepole pine in the Upper Yaak Area of the Kootenai National Forest are infested with the pine beetle. The Forest Service proposed road construction projects and timber sales in an effort to salvage the pine. It prepared a final environmental impact statement (FEIS) limited to 360 proposed harvesting units. The statement said also that future harvesting opportunities to salvage lodgepole pine were likely. After implementation, timber contracts were awarded for units outside the 360 considered in the FEIS.
 
 
 3
 MEDC sued, alleging that the FEIS was inadequate under the National Environmental Policy Act (NEPA) and the Administrative Procedures Act because it did not consider the cumulative impact of those potential harvesting opportunities. The district court granted summary judgment for the government and MEDC appeals. We affirm. The Forest Service considered all proposed sales at the time it prepared the FEIS. It was not required to consider the cumulative impact of sales that were merely contemplated.
 
 DISCUSSION
 
 4
 NEPA is primarily a procedural statute. Save the Yaak Committee v. Block, 840 F.2d 714, 717 (9th Cir.1988). Agency action may be set aside if the agency acted without observing the procedure required by law. Id. To review the adequacy of an EIS,
 
 
 5
 [t]his circuit employs a 'rule of reason' that asks whether an EIS contains a reasonably thorough discussion of the significant aspects of the probable environmental consequences. A reviewing judge must make a pragmatic judgment whether the EIS's form, content and preparation foster both informed decision-making and informed public participation.... Once satisfied that a proposing agency has taken a 'hard look' at a decision's environmental consequences, the review is at an end.
 
 
 6
 Idaho Conservation League v. Mumma, 956 F.2d 1508, 1519 (9th Cir.1992) (citations and quotation marks omitted).
 
 
 7
 MEDC argues that 40 CFR Sec. 1508.7 required the Forest Service to consider the cumulative impact of non-9A sales.[1] Its argument falls short. The scoping regulation must be read in light 40 CFR Sec. 1502.4(a) and its emphasis on proposals. A proposal "exists at that stage in the development of an action when an agency ... has a goal and is actively preparing to make a decision on one or more alternative means of accomplishing that goal and the effect can be meaningfully evaluated." 40 CFR Sec. 1508.23. Moreover, cumulative impact is defined in terms of cumulative actions. 40 CFR Sec. 1508.25(a)(2). Cumulative actions are, by definition, proposed actions. Id.
 
 
 8
 Our application of the regulations to the facts of this case is consistent with NEPA and case law interpreting NEPA. NEPA requires a federal agency to report on proposals and other major federal actions significantly affecting the environment. 42 U.S.C. Sec. 4332(2)(C). The agency must address "any irreversible and irretrievable commitments of resources which would be involved in the proposed action, should it be implemented." 42 U.S.C. Sec. 4332(2)(C)(v). NEPA focuses on proposed, not contemplated, actions.
 
 
 9
 The Supreme Court noted this distinction in Kleppe v. Sierra Club, 427 U.S. 390 (1976). It said:
 
 
 10
 The statute, however, speaks only in terms of proposed actions; it does not require an agency to consider the possible environmental impacts of less imminent actions when preparing the impact statement on proposed actions. Should contemplated actions later reach the stage of actual proposals, the impact statements on them will take into account the effect of their approval upon the existing environment; and the condition of that environment presumably will reflect earlier proposed actions and their effects.
 
 
 11
 Id. at 410 n. 20 (emphasis in original).
 
 
 12
 We have noted this distinction. See, e.g., Oregon Natural Resources Council v. Marsh, 832 F.2d 1489, 1498 (9th Cir.1987) (mere fact that Army Corps of Engineers contemplated three dams did not require it to consider the third dam's cumulative impact before it reached the proposal stage). The cases cited by MEDC are distinguishable because they involved proposed federal action, i.e., action at that stage where an agency could meaningfully evaluate its impact. See e.g., City of Tenakee Springs v. Clough, 915 F.2d 1308 (9th Cir.1990); Sierra Club v. United States Forest Service, 843 F.2d 1190 (9th Cir.1988); La Flamme v. F.E.R.C., 852 F.2d 389 (9th Cir.1988); and Thomas v. Peterson, 753 F.2d 754 (9th Cir.1985).
 
 
 13
 An agency should "defer detailed analysis until a concrete development proposal crystallizes the dimensions of a project's environmental consequences." State of California v. Block, 690 F.2d 753, 761 (9th Cir.1982). The non-9A sales were not sufficiently definite to require their inclusion in the FEIS. They were not proposed. The only foreseeable action related to the non-9A sales was that the Forest Service would begin evaluating additional harvest opportunities.
 
 
 14
 As non-9A harvest opportunities reach the stage of proposal, their cumulative impact must be considered in light of the existing environment; and the condition of the environment will reflect Alternative 9A and the FEIS. See Kleppe, supra. If multiple non-9A sales are proposed concurrently, their cumulative impact must be considered together and in light of the FEIS.
 
 
 15
 If MEDC believes that the Forest Service did not consider the cumulative impact of a specific non-9A sale, it might seek to enjoin that sale, but not the sales under Alternative 9A.[2]
 
 
 16
 AFFIRMED.
 
 
 
 *
 Michael Espy has been substituted for his predecessor in office, Edward R. Madigan, pursuant to Federal Rule of Appellate Procedure 43(c)(1)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 In its Record of Decision, the Forest Service implemented alternative 9A, one of 14 alternatives in the FEIS
 
 
 [2]
 MEDC would need to point to more than the mere fact of the Forest Service's determination that there is no significant impact. Under the regulations, an agency may prepare an environmental analysis (EA) before an EIS. 40 CFR Sec. 1501.3. If the agency determines on the basis of the EA not to prepare an EIS, it must prepare a finding of no significant impact (FONSI). 40 CFR Sec. 1501.4(e)